FILED
4:41 pm Jul 19 2018
Clerk U.S. District Court
Northern District of Ohio
Cleveland

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES STILE, | CASE NO. 4:18 CV 858 |
| Petitioner, | JUDGE DAN AARON POLSTER |
| vs. | |
| STEVEN MERLAK, | **MEMORANDUM OF OPINION AND ORDER** |
| Respondent. | |

*Pro se* Petitioner James Stile, an inmate in the Federal Correctional Institution in Elkton, Ohio filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He was convicted in 2015 in the United States District Court for the District of Maine on charges of robbery of controlled substances from a DEA registered pharmacy. He is currently serving a 120-month sentence.

Petitioner does not challenge his conviction or his sentence in this § 2241 Habeas Petition. Instead, he contends: (1) the prison places him in a job that limits his access to the law library; (2) the Bureau of Prisons retaliated against him for filing civil actions by transferring him to a facility that is more than 500 miles from his court of conviction; (3) legal materials were lost or destroyed during his transfer from FCI-Fort Dix to FCI-Elkton; and (4) the prison has been deliberately indifferent to his serious medical needs by assigning him to a facilities job that required him to work outside in the cold to shovel snow.

In general, habeas corpus is available to prisoners seeking relief from unlawful imprisonment or custody. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Federal

prisoners may use 28 U.S.C. § 2241 to attack the manner in which their sentence is being executed, such as the computation of sentence credits or parole eligibility. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). However, § 2241 is not available to review questions unrelated to the cause of detention. *Martin*, 391 F.3d at 714. Prisoners challenging the conditions of their confinement must do so through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). Virtually every aspect of a prisoner's daily life that does not affect the duration of his confinement is considered a "condition of confinement."

Here, Petitioner is not challenging the Bureau of Prisons execution or calculation of his federal sentence. Rather, he is challenging his prison employment assignment and conditions he believes limit his ability to litigate his pending civil actions. Because none of these claims directly concern the duration of his federal sentence or his release from incarceration with the Bureau of Prisons, they are not the proper subjects of a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

Accordingly, the Application to Proceed *In Forma Pauperis* (Doc. # 2) is **GRANTED**, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #1) is **DENIED** and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**